Bauder v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-133-CR

TERRY LEE BAUDER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Terry Lee Bauder appeals his sentence for unlawful possession of a firearm by a felon.  Appellant pled guilty to the offense and elected to have the jury assess his punishment.  The jury assessed punishment at twenty years’ confinement and a $10,000 fine.  In four issues, appellant complains that the trial court erred in admitting certain exhibits into evidence during his punishment hearing.  We will affirm.

An appellate court reviews a trial court’s exclusion of evidence for an abuse of discretion.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  An abuse of discretion is established “only when the trial judge’s decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.”  
Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).

In his first issue, appellant contends that the trial court erred in admitting the drug paraphernalia found in his motel room at the time of his arrest.  He argues that the probative value of this evidence was substantially outweighed by its prejudicial effect because it encouraged the jury to try him “for being a criminal in general.” [Emphasis omitted.] 

At the punishment phase of a criminal trial,

evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act . . . .

Tex. Code Crim. Proc. Ann. 
art. 37.07, § 3(a) (Vernon Supp. 2003).  The admissibility of evidence at the punishment phase of a noncapital felony offense is a function of policy rather than relevancy.  
Mendiola v. State
, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000).  The policy-based rationale for admitting extraneous offense evidence is the need for a jury to have complete information before attempting to fashion an appropriate sentence.  
Id
.  Evidence is relevant to the assessment of punishment if it helps the jury “tailor the sentence to the particular offense” and “to the particular defendant.”  
Rogers v. State
, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).  Thus, evidence concerning the defendant’s life and characteristics is relevant to sentencing.  
Sunbury v. State
, 88 S.W.3d 229, 234 (Tex. Crim. App. 2002);
 
Minor v. State
, 91 S.W.3d 824, 830 (Tex. App.—Fort Worth 2002, pet. filed). 

Although relevant, evidence may still be excluded under Rule 403 of the Texas Rules of Evidence if its probative value is substantially outweighed by the danger of unfair prejudice.  
Tex. R. Evid.
 403; 
Taylor v. State, 
970 S.W.2d 98, 102-03 (Tex. App.—Fort Worth 1998, pet. ref’d).
  
This rule, however, favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.  
Jones v. State
, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 832 (1997).  Thus, Rule 403 requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value.  
Conner v. State
, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001).  “Unfair prejudice” is defined as the undue tendency of the evidence to suggest a decision on an improper basis.  
Rogers
, 991 S.W.2d at 266.

In this case, the drug paraphernalia introduced at appellant’s punishment hearing was in his possession at the time he possessed the weapon.  The trial court admitted this evidence to give the jury a complete picture of appellant’s character and the circumstances of the crime charged.  The evidence was clearly relevant because it provided the jury with information essential to their assessment of an appropriate sentence for appellant, given the particular facts and circumstances surrounding the offense. 
 While evidence such as this is always potentially prejudicial, 
the evidence was not patently inflammatory; appellant admitted that the drug paraphernalia was found in his motel room and admitted to illegal drug use; the evidence assisted the jury in assessing a proper punishment by providing them with all of the facts and circumstances surrounding the charged offense; and the potential to influence the jury in an irrational way was tempered by the method and manner of its presentation in that the State utilized no more time than necessary to present this evidence to the jury.  These factors palliated any prejudicial effect the evidence may have had on the jury.  
See Wyatt v. State
, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) (setting out standards for reviewing Rule 403 challenges).  Therefore, we cannot say that the trial court acted without reference to guiding rules and principles in admitting this evidence.

Even if the trial court had erroneously admitted the drug paraphernalia into evidence, appellant has failed to show any harm from its admission.  The State had already introduced evidence of appellant’s prior drug conviction.  Further, appellant admitted that he had used illegal drugs in the past and that drug paraphernalia was found in his hotel room on the night of his arrest.  In light of this evidence, the trial court’s admission of the drug paraphernalia did not have a substantial and injurious effect on the jury’s determination of his punishment.  
See
 
Tex. R. App. P
. 44.2(b).  We therefore overrule appellant’s first issue.

In his second issue, appellant argues that the trial court erred in admitting a penitentiary packet because the packet was not properly self-authenticated under Rule 902 of the Texas Rules of Evidence.  Specifically, he contends that the certified copy certificate did not authenticate all nine pages contained within the packet. 

According to the rules of evidence, a copy of a document used as evidence in trial may be identified by a witness or, if offered without accompanying testimony, must be self-authenticated.  
Tex. R. Evid. 
901, 902.  Public documents bearing the seal of the State and a “signature purporting to be an attestation or execution” are self-authenticated.  
Tex. R. Evid. 
902(1).  Absent a seal of the State, public documents can also be self-authenticated if they are certified by a public officer under seal that the signer has “official capacity and that the signature is genuine.”  
Tex. R. Evid. 
902(2).

In the present case, the penitentiary packet contains a certified copy certificate signed by the Clerk of the Superior Court of Crisp County, Georgia under seal of that court.
(footnote: 2)  The certificate states that “this [is] a true, full and complete copy of the within paper now on file and of record in this office.”  Each page in the packet is stamped with the notation “certified copy.”  Appellant contends that the clerk’s use of the term “paper” rather than “papers” prevents the certificate from authenticating all nine pages contained in the packet.  The term “paper,” however, does not always refer to a single sheet of paper.  “Paper” is defined as a document filed or introduced into evidence in a suit at law.  
Black’s Law Dictionary 
1001 (5
th
 ed. 1979).  The term “paper” is also used to describe one or more sheets of paper, bearing writing or printing as an official document.  
The American Heritage Dictionary 
898-99 (2d ed. 1985).  Therefore, the trial court could have determined that use of the term “paper” rather than “papers” did not prevent the clerk’s certificate from authenticating the entire packet.  

Appellant contends that this case is analogous to 
Sanders v. State 
in which the court held that the certificate did not authenticate all of the documents contained within the packet. 787 S.W.2d 435, 438 (Tex. App.—Houston [1
st
 Dist.] 1990, pet. ref’d).  In 
Sanders
, however, the district clerk’s certificate identified only a specific page as certified.  
Id
.  That is not the case here.  Therefore, we hold that the trial court did not abuse its discretion by admitting the penitentiary packet into evidence under Rule 902 of the Texas Rules of Evidence.  Accordingly, appellant’s second issue is overruled. 

In issue three, appellant contends that the trial court erred in admitting a copy of a Pennsylvania parole warrant for his arrest.  He argues that the warrant does not comply with Rule 902(4) of the Texas Rules of Evidence because the attestation clause does not certify that the exhibit is correct or signed by the person authorized to make the certification.  
See
 
Tex. R. Evid.
 902(4).  A public document, however, may also be self-authenticated under Rule 902(1).  
Tex. R. Evid.
 902(1).  Rule 902(1) only requires that the document bear a departmental seal and a signature of attestation. 
 Id
.  Here, the arrest warrant is attested to by the Secretary of the Pennsylvania Board of Probation and Parole and contains the signature of the department director as well as the department seal.  Therefore, we hold that the trial court did not abuse its discretion in admitting the warrant under Rule 902 of the Texas Rules of Evidence.  Appellant’s third issue is overruled.

In his fourth issue, appellant argues that the trial court erred in admitting the Pennsylvania arrest warrant because the document was hearsay.  Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  
Tex. R. Evid
. 801(d).  A statement, however, is not hearsay if it is not offered to prove the truth of the matter asserted.  
Martinez v. State
, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000).  

Here, the State did not offer the warrant to prove that the information contained in the warrant was in fact true.  It merely introduced the warrant to show that appellant had an outstanding parole warrant on the date of his arrest.  Therefore, the trial court did not abuse its discretion in overruling appellant’s hearsay objection.  We overrule appellant’s fourth issue.

Having overruled each of appellant’s issues, we affirm the trial court’s judgment.      

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 8, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The seal, however, is not legible on the photocopies in the appellate record.