In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00126-CR
______________________________


COLUMBUS JAY BELL, JR., Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 31310-A


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Columbus Jay Bell, Jr., was convicted by a jury for possession of a controlled
substance, cocaine, in an amount of less than one gram.


 The trial court assessed
punishment at confinement in a state jail facility for twenty months. Bell appeals,
contending the trial court erred in assessing punishment by: (1) considering an uncertified
criminal history contained in a presentence investigation report (PSI); and (2) considering
the contents of a PSI when that report was not admitted into evidence. We overrule these
contentions and affirm the judgment. 
Â Â Â Â Â Â Â Â Â Â Before trial, the court had the following colloquy with Bell:
THE COURT:Mr. Bell, do you wish to have a jury trial?
[BELL]:Yes, ma'am.
THE COURT:I've also been told that you would like for a jury
to determine whether or not you are guilty or not guilty of this offense; but in
the event that there should be a finding of guilt, it is your request that the
Court would determine punishment. Is that what you wish to happen in this
case?

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â [BELL]:Â Â Â Â Â Â Â Â Â Yes, ma'am.
Â 
THE COURT:You understand you'd have a right to have the
jury determine punishment. The maximum punishment in this case is two
years in a State jail facility. If the Court assesses punishment, then I will
order a pre-sentence investigation to be done and we'll have a sentencing
hearing, if you are found guilty. Now, do you wish to waive your right for the
jury to determine punishment and have the Court determine punishment, if
the jury finds you guilty?

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â [BELL]:Â Â Â Â Â Â Â Â Â I'd rather have the Court determine punishment.

Â Â Â Â Â Â Â Â Â Â After the jury found Bell guilty as charged in the indictment, the trial court inquired
of Bell's counsel if a PSI was requested. Counsel answered in the negative. The court
then admonished Bell as follows:
You have the right to have a pre-sentence investigation, meaning, if you
wanted a pre-sentence investigation, an officer from the probation
department would interview with you. They would gather together as much
information that they could in order to assist the Court in determining what
the appropriate punishment should be. They would look into your
background, education, any disabilities that you might have, your criminal
history, if any, and try to complete a report that would be as complete as
possible. If you waive your right to that pre-sentence investigation, then the
State may offer any criminal history that you might have. If there's not any
objection to it, your attorney may want to tell me some things; but then I
would just make a decision and assess the punishment. Do you know what
you want to do? Tell me what you want to do.

Bell answered, "Waive it." However, when the State then indicated its intent to offer into
evidence certified copies of Bell's prior convictions, Bell objected on the ground that such
evidence had not been provided by the State in response to a proper discovery request. 
The court declined to rule on Bell's objection and stated its intention to order a PSI. Bell
then asked the court not to consider any report of Bell's criminal record that might be
included in the PSI. The court impliedly denied this request, ordered a PSI, and recessed
the hearing for two weeks. A PSI was prepared which reflected a lengthy criminal history
for Bell. At the final punishment hearing, the trial court gave the parties the opportunity to
make any objections, deletions, or additions to the PSI. The State had none. Bell objected
on the ground that nothing in the criminal history section of the PSI was certified and that
such history was therefore inadmissible hearsay. The court overruled this objection. Both
sides announced ready to proceed and affirmatively stated to the court they had no
evidence to offer. After brief arguments by counsel, the court assessed Bell's punishment
at twenty months' confinement in a state jail facility and sentenced him accordingly. 
Â Â Â Â Â Â Â Â Â Â Bell first contends the trial court erred in assessing punishment by considering an
uncertified criminal history contained in the PSI. In support, he cites Article 37.07(a)(1) of
the Code of Criminal Procedure, which requires evidence of an extraneous crime or bad
act, offered at a punishment hearing, be "shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or finally convicted
of the crime or act." Tex. Code Crim. Proc. Ann. art. 37.07, Â§Â 3(a)(1) (Vernon Supp.
2004â2005). 
Â Â Â Â Â Â Â Â Â Â In Fryer v. State, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002), the appellant cited
the concurring opinion in Nunez v. State, 565 S.W.2d 536, 540 (Tex. Crim. App. 1978)
(Onion, J., concurring), wherein Presiding Judge John F. Onion, Jr., stated that certain
types of evidence available in a PSI, including arrest reports not resulting in final
convictions, and extraneous offenses, should not be considered in assessing punishment. 
The court in Fryer pointed out that, after Nunez, Article 37.07 was amended to give trial
courts explicit authority to consider a PSI for general punishment assessment purposes,
citing Article 37.07, Section 3(d) and Whitelaw v. State, 29 S.W.3d 129, 133 (Tex. Crim.
App. 2000). The court went on to quote, approvingly, Judge Onion's concurring and
dissenting opinion in a later case


 where he, after pointing out that PSIs often contain
reports of arrests not resulting in final convictions, pending indictments, and hearsay
statements, acknowledged that (as a result of the amendment to Article 37.07), "It would
appear that these matters may now be properly considered by the court using the
pre-sentence report to determine punishment . . . ." 
Â Â Â Â Â Â Â Â Â Â Fryer explains why Bell's reliance on Article 37.07, Section 3(a)(1) is misplaced and
why Article 37.07, Section 3(d), as construed by the Texas Court of Criminal Appeals,
authorized the trial court to consider Bell's criminal history in the PSI. See Wilson v. State,
108 S.W.3d 328, 330â32 (Tex. App.âFort Worth 2003, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Bell also cites Mitchell v. State, 931 S.W.2d 950 (Tex. Crim. App. 1996), and
Williams v. State, 958 S.W.2d 844, 845 (Tex. App.âHouston [14th Dist.] 1997, pet. ref'd). 
The court in Williams affirmed the admission into evidence, over Williams' objection, the
PSI that reported unadjudicated, extraneous offenses. Citing Article 37.07, Section 3(a)
and Mitchell, the Williams court held that, when the trial court assesses punishment, the
court may determine that an extraneous offense is relevant to punishment and admit such
evidence, but the court may then only consider the extraneous offense if it finds the
offense was proven beyond a reasonable doubt. Williams, 958 S.W.2d at 845. The court
affirmed the trial court's judgment because there was no indication the trial court
considered the extraneous offenses or bad acts without determining whether they had
been proven beyond a reasonable doubt. Further, considering the punishment actually
assessed (ten years' imprisonment) as compared to the range available (five years to
ninety-nine years or life in prison), the court concluded there was no evidence the trial court
considered the extraneous offenses or bad acts in assessing punishment. Id. 
Â Â Â Â Â Â Â Â Â Â Bell argues that, considering the punishment assessed against him (twenty months'
confinement), as compared to the range available (six months to twenty-four months'
confinement), it is evident the trial court did consider the extraneous offenses contained
in the PSI. We agree. However, we find it was appropriate for the trial court to so consider
such information. The court in Williams based its decision on Article 37.07, Section 3(a)
and Mitchell. That decision was rendered before Fryer and made no reference to Article
37.07, Section 3(d). Fryer held that consideration by the trial court of such evidence in a
PSI is now authorized by Article 37.07, Section 3(d).
Â Â Â Â Â Â Â Â Â Â Bell further contends the criminal history contained in the PSI should not be
considered because the offenses contained therein are not properly authenticated and
therefore do not prove Bell's commission of those offenses beyond a reasonable doubt. 
He cites Sanders v. State, 787 S.W.2d 435 (Tex. App.âHouston [1st Dist.] 1990, pet.
ref'd). Sanders, however, did not involve a PSI. There, the lack of authentication at
issueâin a trial where the jury assessed punishmentâwas an uncertified copy of an order
revoking probation used in proving an enhancement allegation in the indictment. The
Sanders court held that, because the "order revoking probation" was not certified and no
other evidence of revocation was presented, it could not assume the appellant's probation
was revoked. Id. at 438. Sanders is distinguishable from the instant case.
Â Â Â Â Â Â Â Â Â Â The criminal history at issue here was contained in a PSI and was considered by
the trial courtânot a juryâpursuant to Article 37.07, Section 3(d). That subsection
provides that, "When the judge [as opposed to the jury] assesses the punishment, he may
order an investigative report as contemplated in Section 9 of Article 42.12 of this code and
after considering the report . . . he shall forthwith announce his decision in open court as
to the punishment to be assessed." Tex. Code Crim. Proc. Ann. art. 37.07, Â§ 3(d) (Vernon
Supp. 2004â2005). Article 42.12, Section 9 expressly provides that the PSI should contain
"the criminal and social history of the defendant." Tex. Code Crim. Proc. Ann. art. 42.12,
Â§ 9 (Vernon Supp. 2004â2005). This provision is silent as to how such history should be
reported in the PSI. It clearly does not require offenses contained in the criminal history
to be certified. Nonetheless, the trial court is specifically authorized by statute to consider
the contents of the PSI. See Nicolopulos v. State, 838 S.W.2d 327, 328 (Tex.
App.âTexarkana 1992, no pet.). That the PSI contains hearsay information does not
preclude its use by the sentencing judge. Id., citing Brown v. State, 478 S.W.2d 550 (Tex.
Crim. App. 1972).
Â Â Â Â Â Â Â Â Â Â Bell might understandably ask: What recourse does a defendant have when
inaccurate information finds its way into a PSI? Article 42.12, Section 9 provides the
answer:
(d)Before sentencing a defendant, the judge shall permit the
defendant or his counsel to read the presentence report.
Â 
(e)The judge shall allow the defendant or his attorney to comment
on a presentence investigation . . . and, with the approval of the judge,
introduce testimony or other information alleging a factual inaccuracy in the
investigation or report.

Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 9(d), (e).

Â Â Â Â Â Â Â Â Â Â These provisions place the burden on the defendant to prove that the information
contained in a PSI is inaccurate. Garcia v. State, 930 S.W.2d 621, 623 (Tex. App.âTyler
1996, no pet.). Here, Bell was permitted to read the PSI and, as in Garcia, was given the
opportunity to present "objections to the pre-sentence report, deletions, [or] additions." Bell
objected to the criminal history in the PSI on the basis that it contained inadmissible
hearsay, but offered no deletions or additions. The trial court properly overruled Bell's
objection and then specifically asked if he had any objection as to the correctness of the
information within the report. Bell's counsel responded by saying he had no way of
knowing if the information was correct because of the absence of any certification. Such
response was inadequate because it failed to explain why his client, Bell, was incapable
of providing information concerning the accuracy of the PSI. Bell was then given the
opportunity to present evidence, and he presented none.
Â Â Â Â Â Â Â Â Â Â In summary, pursuant to Article 37.07, Section 3(d) and Article 42.12, Section 9, the
trial court properly considered the criminal history contained in the PSI even though the
offenses reported in that history were not certified. Bell failed in his burden of proving any
inaccuracy contained in the PSI. For these reasons, Bell's first point of error is overruled.
Â Â Â Â Â Â Â Â Â Â Bell next contends the trial court erred in assessing punishment when the PSI was
not admitted into evidence. He cites no authority for this contention. The State responds
by pointing out that Bell waived this complaint by failing to raise the objection at the trial
court level. We agree. 
Â Â Â Â Â Â Â Â Â Â As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection, or
motion that stated the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). Bell does
not direct us to any place in the record where he objected at the trial court level to
consideration of the PSI because it had not been admitted into evidence. Nothing is
presented for review. His second point of error is overruled.



Â Â Â Â Â Â Â Â Â Â We affirm the judgment.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice 
Â 
Date Submitted:Â Â Â Â Â Â December 22, 2004
Date Decided:Â Â Â Â Â Â Â Â Â January 13, 2005

Publish



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00017-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN RE:Â  STEVEN E. PEEK

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by
Justice Carter

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Relator,
Steven E. Peek, has filed with this Court his petition seeking a writ of
mandamus directing Respondent, the Honorable Laurine Blake, to rule on a motion
he filed pro se on AugustÂ 14, 2009.

Â Â Â Â Â Â Â Â Â Â Â  In
his Motion for Trial Transcripts and Subsidiary Court Record/Documents, Peek
sought records relating to his December 10, 2008, conviction for the purpose of
filing an application for writ of habeas corpus.Â  From the record he provided in support of his
petition, it does not appear that Peek included a proposed order.Â  However, he does include in his record
correspondence he sent seeking to follow up on the motion and requesting a
ruling from the trial court.Â  In his
petition, Peek asks this Court to direct Judge Blake to rule on his motion; he
does not specifically seek an affirmative ruling.Â  In response to the petition, Respondent Judge
Blake has provided this Court with a handwritten notation dated August 27, 2009,
in which she refused PeekÂs request.Â  It
does not appear that Peek received a copy of this ruling either when the ruling
was made or in response to his two subsequent inquiries into the matter.

Â Â Â Â Â Â Â Â Â Â Â  The relief requested has already
been granted, rendering PeekÂs petition moot.Â 
See Dow Chem. Co. v. Garcia,
909 S.W.2d 503, 505 (Tex. 1995) (holding that when court cannot take any 




Â 

action
that can effect the requested relief, it is proper for court to dismiss as moot
the petition for writ of mandamus).Â 
Having concluded that what Peek requests had already been completedÂÂalbeit
without notice to him, we dismiss as moot his petition for writ of mandamus.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  February 17, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  February 18, 2010

Â 

Do Not Publish