COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-133-CR
 
TERRY LEE BAUDER                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                        
   STATE
------------
FROM THE 367
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Terry Lee Bauder appeals his sentence for
unlawful possession of a firearm by a felon. Appellant pled guilty to the
offense and elected to have the jury assess his punishment. The jury assessed
punishment at twenty years' confinement and a $10,000 fine. In four issues,
appellant complains that the trial court erred in admitting certain exhibits
into evidence during his punishment hearing. We will affirm.
An appellate court reviews a trial court's
exclusion of evidence for an abuse of discretion. Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). An abuse of
discretion is established "only when the trial judge's decision was so
clearly wrong as to lie outside that zone within which reasonable persons might
disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.
1992), cert. denied, 509 U.S. 926 (1993).
In his first issue, appellant contends
that the trial court erred in admitting the drug paraphernalia found in his
motel room at the time of his arrest. He argues that the probative value of this
evidence was substantially outweighed by its prejudicial effect because it
encouraged the jury to try him "for being a criminal in general."
[Emphasis omitted.]

 At the punishment phase of a criminal
 trial, evidence may be offered by the state and the defendant as to any matter
 the court deems relevant to sentencing, including but not limited to the prior
 criminal record of the defendant, his general reputation, his character, an
 opinion regarding his character, the circumstances of the offense for which he
 is being tried, and . . . any other evidence of an extraneous crime or bad act
 . . . .

Tex. Code Crim. Proc. Ann. art. 37.07, §
3(a) (Vernon Supp. 2003). The admissibility of evidence at the punishment phase
of a noncapital felony offense is a function of policy rather than relevancy. Mendiola
v. State, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000). The policy-based
rationale for admitting extraneous offense evidence is the need for a jury to
have complete information before attempting to fashion an appropriate sentence. Id.
Evidence is relevant to the assessment of punishment if it helps the jury
"tailor the sentence to the particular offense" and "to the
particular defendant." Rogers v. State, 991 S.W.2d 263, 265 (Tex.
Crim. App. 1999). Thus, evidence concerning the defendant's life and
characteristics is relevant to sentencing. Sunbury v. State, 88 S.W.3d
229, 234 (Tex. Crim. App. 2002); Minor v. State, 91 S.W.3d 824, 830
(Tex. App.--Fort Worth 2002, pet. filed).
Although relevant, evidence may still be
excluded under Rule 403 of the Texas Rules of Evidence if its probative value is
substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403; Taylor
v. State, 970 S.W.2d 98, 102-03 (Tex. App.--Fort Worth 1998, pet. ref'd).
This rule, however, favors the admission of relevant evidence and carries a
presumption that relevant evidence will be more probative than prejudicial. Jones
v. State, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996), cert. denied,
522 U.S. 832 (1997). Thus, Rule 403 requires exclusion of evidence only when
there exists a clear disparity between the degree of prejudice of the offered
evidence and its probative value. Conner v. State, 67 S.W.3d 192, 202
(Tex. Crim. App. 2001). "Unfair prejudice" is defined as the undue
tendency of the evidence to suggest a decision on an improper basis. Rogers,
991 S.W.2d at 266.
In this case, the drug paraphernalia
introduced at appellant's punishment hearing was in his possession at the time
he possessed the weapon. The trial court admitted this evidence to give the jury
a complete picture of appellant's character and the circumstances of the crime
charged. The evidence was clearly relevant because it provided the jury with
information essential to their assessment of an appropriate sentence for
appellant, given the particular facts and circumstances surrounding the offense.
While evidence such as this is always potentially prejudicial, the evidence was
not patently inflammatory; appellant admitted that the drug paraphernalia was
found in his motel room and admitted to illegal drug use; the evidence assisted
the jury in assessing a proper punishment by providing them with all of the
facts and circumstances surrounding the charged offense; and the potential to
influence the jury in an irrational way was tempered by the method and manner of
its presentation in that the State utilized no more time than necessary to
present this evidence to the jury. These factors palliated any prejudicial
effect the evidence may have had on the jury. See Wyatt v. State, 23
S.W.3d 18, 26 (Tex. Crim. App. 2000) (setting out standards for reviewing Rule
403 challenges). Therefore, we cannot say that the trial court acted without
reference to guiding rules and principles in admitting this evidence.
Even if the trial court had erroneously
admitted the drug paraphernalia into evidence, appellant has failed to show any
harm from its admission. The State had already introduced evidence of
appellant's prior drug conviction. Further, appellant admitted that he had used
illegal drugs in the past and that drug paraphernalia was found in his hotel
room on the night of his arrest. In light of this evidence, the trial court's
admission of the drug paraphernalia did not have a substantial and injurious
effect on the jury's determination of his punishment. See Tex. R. App.
P. 44.2(b). We therefore overrule appellant's first issue.
In his second issue, appellant argues that
the trial court erred in admitting a penitentiary packet because the packet was
not properly self-authenticated under Rule 902 of the Texas Rules of Evidence.
Specifically, he contends that the certified copy certificate did not
authenticate all nine pages contained within the packet.
According to the rules of evidence, a copy
of a document used as evidence in trial may be identified by a witness or, if
offered without accompanying testimony, must be self-authenticated. Tex. R. Evid.
901, 902. Public documents bearing the seal of the State and a "signature
purporting to be an attestation or execution" are self-authenticated. Tex.
R. Evid. 902(1). Absent a seal of the State, public documents can also be
self-authenticated if they are certified by a public officer under seal that the
signer has "official capacity and that the signature is genuine." Tex.
R. Evid. 902(2).
In the present case, the penitentiary
packet contains a certified copy certificate signed by the Clerk of the Superior
Court of Crisp County, Georgia under seal of that court.
(2) The certificate states that "this [is] a true, full and
complete copy of the within paper now on file and of record in this
office." Each page in the packet is stamped with the notation
"certified copy." Appellant contends that the clerk's use of the term
"paper" rather than "papers" prevents the certificate from
authenticating all nine pages contained in the packet. The term
"paper," however, does not always refer to a single sheet of paper.
"Paper" is defined as a document filed or introduced into evidence in
a suit at law. Black's Law Dictionary 1001 (5th ed. 1979). The term
"paper" is also used to describe one or more sheets of paper, bearing
writing or printing as an official document. The American Heritage Dictionary
898-99 (2d ed. 1985). Therefore, the trial court could have determined that use
of the term "paper" rather than "papers" did not prevent the
clerk's certificate from authenticating the entire packet.
Appellant contends that this case is
analogous to Sanders v. State in which the court held that the
certificate did not authenticate all of the documents contained within the
packet. 787 S.W.2d 435, 438 (Tex. App.--Houston [1st Dist.] 1990,
pet. ref'd). In Sanders, however, the district clerk's certificate
identified only a specific page as certified. Id. That is not the case
here. Therefore, we hold that the trial court did not abuse its discretion by
admitting the penitentiary packet into evidence under Rule 902 of the Texas
Rules of Evidence. Accordingly, appellant's second issue is overruled.
In issue three, appellant contends that
the trial court erred in admitting a copy of a Pennsylvania parole warrant for
his arrest. He argues that the warrant does not comply with Rule 902(4) of the
Texas Rules of Evidence because the attestation clause does not certify that the
exhibit is correct or signed by the person authorized to make the certification.
See Tex. R. Evid. 902(4). A public document, however, may also be
self-authenticated under Rule 902(1). Tex. R. Evid. 902(1). Rule 902(1) only
requires that the document bear a departmental seal and a signature of
attestation. Id. Here, the arrest warrant is attested to by the
Secretary of the Pennsylvania Board of Probation and Parole and contains the
signature of the department director as well as the department seal. Therefore,
we hold that the trial court did not abuse its discretion in admitting the
warrant under Rule 902 of the Texas Rules of Evidence. Appellant's third issue
is overruled.
In his fourth issue, appellant argues that
the trial court erred in admitting the Pennsylvania arrest warrant because the
document was hearsay. Hearsay is defined as a statement, other than one made by
the declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted. Tex. R. Evid. 801(d). A statement,
however, is not hearsay if it is not offered to prove the truth of the matter
asserted. Martinez v. State, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000).
Here, the State did not offer the warrant
to prove that the information contained in the warrant was in fact true. It
merely introduced the warrant to show that appellant had an outstanding parole
warrant on the date of his arrest. Therefore, the trial court did not abuse its
discretion in overruling appellant's hearsay objection. We overrule appellant's
fourth issue.
Having overruled each of appellant's
issues, we affirm the trial court's judgment.
 
                                                       
   JOHN CAYCE
                                                       
   CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 8, 2003

1. See Tex. R. App. P. 47.4.
2. The seal, however, is not legible on the photocopies in
the appellate record.