Opinion issued May 22, 2008 















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00797-CR

__________


DANIEL G. SWARTZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1107914






MEMORANDUM OPINION

 A jury found appellant, Daniel G. Swartz, guilty of the offense of unlawful
possession of a firearm, (1) and, after appellant pleaded true to the allegation in one
enhancement paragraph that he had previously been convicted of the "felony of
assault of a family member-second offender," the jury assessed his punishment at
confinement for 12 years. In a single point of error, appellant contends that the
"evidence is legally insufficient to prove the jurisdictional requirement that appellant
was previously convicted of the felony alleged in the indictment." 

 We affirm.

Factual and Procedural Background

 The indictment alleged that appellant,

 [O]n or about March 12, 2007, did then and there unlawfully,
intentionally, and knowingly possess a firearm, after having been
convicted of a felony, namely, EVADING ARREST--MOTOR
VEHICLE in the 178TH District Court of Harris County, Texas in
Cause Number 1026095 on August 17, 2005, and said possession of a
firearm occurred before the fifth anniversary of [appellant's] release
from confinement following conviction on August 17, 2005.

 

 To establish appellant's prior conviction of the felony offense of evading arrest
with a motor vehicle, the State presented the testimony of Harris County Sheriff's
Deputy Gerardo Tijerina, the Harris County custodian of jail records. She
authenticated appellant's jail card for the felony offense of evading arrest with a
motor vehicle. The jail card, which was introduced into evidence, stated that the
person arrested for the felony offense of "evade arrest w/ motor vehicle" was Daniel
G. Swartz a/k/a Daniel Gibran Swartz, the offense date was "050605," the cause
number was "102609501010," and the assigned court was "178." The jail card also
contained the defendant's signature and fingerprints. It also stated that the "sentence
begin[] date" was "110305," the booking date was "110305," and the "release date"
and "outdate" was "11505." 

 Harris County Sheriff's Deputy Katherine Mills, who was trained in fingerprint
analysis, testified that she obtained appellant's fingerprints directly from him and
compared them to the fingerprints contained on the jail card. She explained that
appellant's fingerprints, which were contained on an exemplar, which was introduced
into evidence, matched the fingerprints contained on the jail card. The State then
introduced into evidence a certified copy of a judgment for the evading arrest offense
indicated on the jail card. Mills conceded that she was not able to compare
appellant's fingerprints with the fingerprints on the judgment because the fingerprints
on the judgment were "not sufficient in quality." However, Mills stated that she did
compare the information contained on the jail card with the information contained on
the judgment. She determined that the judgment reflected that appellant was
convicted for the same evading arrest offense indicated on the jail card. Mills noted
that the jail card and judgment contained matching cause numbers, matching offense
descriptions, matching offense dates, matching names of "Daniel Gibran Swartz," and
matching courts in which appellant had been convicted for the offense. Mills further
noted that the judgment reflected that the offense for which appellant had been
convicted was a felony, appellant's sentence was imposed and began on August 17,
2005, appellant was sentenced to 174 days in the Harris County Jail, and appellant
had time credited of 87 days.

 At the conclusion of trial, the jury found appellant guilty of unlawful
possession of a firearm by a felon, as alleged in the indictment. (2) 

Unlawful Possession of a Firearm by a Felon

 In a single point of error, appellant contends that the "evidence is legally
insufficient to prove the jurisdictional requirement that appellant was previously
convicted of the felony alleged in the indictment." Appellant asserts that although
the indictment and jury charge "required the State to prove [the] prior case number
[for his prior felony offense was] 1026095," the jail card stated a different case
number, "102609501010." Appellant also asserts that the sentencing dates contained
in the jail card and the judgment do not match. In sum, appellant asserts that the State
"failed to link the case number and sentencing dates in the jail card to the judgment
and sentence beyond a reasonable doubt."

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence.
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not reevaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact-finder.
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000).

 A person commits the offense of unlawful possession of a firearm if that person
"has been convicted of a felony" and "possesses a firearm . . . after conviction and
before the fifth anniversary of the person's release from confinement following
conviction of the felony or the person's release from supervision under community
supervision, parole, or mandatory supervision, whichever date is later." Tex. Penal
Code Ann. § 46.04(a)(1) (Vernon Supp. 2007). 

 To establish that a defendant has been convicted of a prior offense, the State
must prove beyond a reasonable doubt that a prior conviction exists and the defendant
is linked to that conviction. Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App.
2007); see also Garner v. State, 864 S.W.2d 92, 97 (Tex. App.--Houston [1st Dist.]
1993, pet. ref'd) ("The State may prove a prior conviction by any of several methods,
one of which is by the introduction of certified or otherwise properly authenticated
copies of the judgment and sentence and records of the Institutional Division of the
Texas Department of Criminal Justice or a county jail that include fingerprints of the
accused, supported by expert testimony identifying the fingerprints of the accused
with known prints of the defendant."). However, "[t]here is no 'best evidence' rule
in Texas that requires that the fact of a prior conviction be proven with any document,
much less any specific document." Flowers, 220 S.W.3d at 921. Thus, the State may
prove that a defendant has been convicted of an offense in one of several ways
"including the defendant's admission or stipulation, testimony by a person who was
present when the defendant was convicted of the specified crime and can identify the
defendant as that person, or documentary proof [] that contains sufficient information
to establish both the existence of a prior conviction and the defendant's identity as the
person convicted." Id. at 921-22. 

 As explained by the Court of Criminal Appeals, "[r]egardless of the type of
evidentiary puzzle pieces the State offers to establish the existence of a prior
conviction and its link to a specific defendant, the trier of fact determines if these
pieces fit together sufficiently to complete the puzzle." Id. at 923. "The trier of fact
looks at the totality of the evidence admitted to determine (1) whether there was a
previous conviction, and (2) whether the defendant was the person convicted." Id. 
"If these two elements can be found beyond a reasonable doubt," then the evidence
is legally sufficient to prove a prior conviction. Id.

 Here, Mills testified that appellant's fingerprints appeared on the jail card and
that the jail card, which was introduced into evidence, identified appellant as the
person arrested for committing the offense of evading arrest with a motor vehicle on
May 6, 2005. The jail card further identified the cause number assigned to
appellant's cause as "102609501010" and the court as "178." Mills further testified
that a certified copy of the judgment and sentence, which the State also introduced
into evidence, contained a substantially similar cause number of "1026095," omitting
only the suffix 01010, to the cause number identified by the jail card. The judgment
also contained the name "Daniel Gibran Swartz," the court information as the "178th
District Court," and the offense date information of "May 6, 2005," all of which
matched the information on the jail card. Mills stated, after comparing the jail card
and judgment, that they related to the same felony offense.

 In regard to the alleged discrepancy between the cause numbers, we conclude
that the omission of the five digit suffix, "01010," from the cause number in the
judgment was not material and that this omission did not preclude the jury from
finding, beyond a reasonable doubt, that appellant was the person identified in the
judgment as the person convicted of the felony offense of evading arrest. See Human
v. State, 749 S.W.2d 832, 838-39 (Tex. Crim. App. 1988) (finding that, although
there was "slight discrepancy" between alleged and proved cause numbers, cause
numbers were "substantially the same" and "that any rational trier of fact could
conclude from the admitted circumstantial evidence that appellant was one and the
same person" convicted in cause number alleged in indictment); Garner, 864 S.W.2d
at 97 (finding that jury could rationally have concluded, beyond reasonable doubt,
from jail card and other identity evidence, that appellant had been convicted of
aggravated robbery, in cause number "386,982," as alleged in indictment, even
though jail card showed cause number of "038698201010"); Enriquez v. State, No.
01-94-00657-CR, 1995 WL 51064, at *2 (Tex. App.--Houston [1st Dist.] Feb. 9,
1995, no pet.) (not designated for publication) (finding no "material variance"
between cause number "9347494" stated in indictment and judgment and cause
number "93474940101" reflected in jail card). During trial, appellant did not even
argue that this alleged discrepancy precluded a finding of identity between the jail
card and the judgment. To the extent that the jury may have noticed this discrepancy
on their own, the jury was entitled to attach little, if any, significance to it in
determining that appellant had been convicted of the felony offense of evading arrest
with a motor vehicle, as stated in the judgment, on August 17, 2005, and that
appellant had been sentenced to 174 days confinement for this offense.

 As the State concedes, there is a discrepancy between the jail card and the
judgment in regard to the sentencing date. At trial, neither party addressed this
discrepancy and, although appellant now complains of this discrepancy, neither party
offers any explanation for it. Appellant did not challenge Mills on the discrepancy
during his cross-examination of her, and he did not argue that this discrepancy
precluded his conviction for the unlawful possession of a firearm. (3) In fact, in her
closing argument, appellant's counsel conceded that appellant did "have a prior
felony for evading arrest." Thus, although we recognize the discrepancy between the
jail card and the judgment in regard to the sentencing date, we conclude that the
discrepancy did not preclude the jury from finding, beyond a reasonable doubt, that
appellant had been previously convicted on August 17, 2005 of the felony offense of
evading arrest.

 In support of his argument that the evidence is legally insufficient to support
his conviction, appellant relies on Sanders v. State, 787 S.W.2d 435 (Tex.
App.--Houston [1st Dist.] 1990, pet. ref'd). In Sanders, we considered whether three
jail cards introduced by the State established that Sanders's previous conviction, for
which he had been placed on probation, had become final. Id. at 439. The State had
failed to introduce properly authenticated copies of the orders revoking Sanders's
probation, and we looked to the jail cards to determine the finality of his conviction. 
Id. We noted that the three jail cards contained numerous inconsistencies regarding
Sanders's sentencing date, release date, "release reason," and the "arrest offense." 
Id. The jail cards also had "significant differences" from the judgment regarding the
offense description and offense date. Id. at 439-40. We concluded that the jail cards
were not sufficiently reliable to prove that the person identified on them had in fact
been finally convicted because nothing on the jail cards proved that Sanders's
probation had been revoked. Id. 

 Here, the finality of the conviction referenced in the judgment is not a
contested issue. More importantly, other than the differences in the sentencing dates,
which neither party made any effort to address at trial, there are no other material
differences between the jail card and the judgment used by the State to prove
appellant's prior felony conviction for evading arrest. Accordingly, we hold that the
evidence is legally sufficient to support appellant's conviction for unlawful
possession of a firearm.

 We overrule appellant's sole point of error. 

Conclusion

 We affirm the judgment of the trial court.


 

 Terry Jennings

 Justice




Panel consists of Justices Taft, Jennings, and Bland.


1. See Tex. Penal Code Ann. § 46.04(a)(1) (Vernon Supp. 2007). 
2. Appellant does not challenge the sufficiency of the evidence supporting the finding
that he possessed a firearm on the date alleged in the indictment. 
3. Regardless of which sentencing date is accurate, appellant's possession of a firearm
fell within the five year period after appellant's release from confinement for the
conviction.