**Columbus Jay BELL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00126–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 22, 2004.

Decided Jan. 13, 2005.

R. Scott Walker, Longview, for appellant.

---

Ray Bowman, Asst. Dist. Atty., Long-view, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Justice ROSS.

Columbus Jay Bell, Jr., was convicted by a jury for possession of a controlled substance, cocaine, in an amount of less than one gram.[1] The trial court assessed punishment at confinement in a state jail facility for twenty months. Bell appeals, contending the trial court erred in assessing punishment by: (1) considering an uncertified criminal history contained in a presentence investigation report (PSI); and (2) considering the contents of a PSI when that report was not admitted into evidence. We overrule these contentions and affirm the judgment.

Before trial, the court had the following colloquy with Bell:

THE COURT: Mr. Bell, do you wish to have a jury trial?

[BELL]: Yes, ma'am.

THE COURT: I've also been told that you would like for a jury to determine whether or not you are guilty or not guilty of this offense; but in the event that there should be a finding of guilt, it is your request that the Court would determine punishment. Is that what you wish to happen in this case?

[BELL]: Yes, ma'am.

THE COURT: You understand you'd have a right to have the jury determine punishment. The maximum punishment in this case is two years in a State jail facility. If the Court assesses punishment, then I will order a pre-sentence investigation to be done and we'll have a

sentencing hearing, if you are found guilty. Now, do you wish to waive your right for the jury to determine punishment and have the Court determine punishment, if the jury finds you guilty?

[BELL]: I'd rather have the Court determine punishment.

After the jury found Bell guilty as charged in the indictment, the trial court inquired of Bell's counsel if a PSI was requested. Counsel answered in the negative. The court then admonished Bell as follows:

You have the right to have a pre-sentence investigation, meaning, if you wanted a pre-sentence investigation, an officer from the probation department would interview with you. They would gather together as much information that they could in order to assist the Court in determining what the appropriate punishment should be. They would look into your background, education, any disabilities that you might have, your criminal history, if any, and try to complete a report that would be as complete as possible. If you waive your right to that pre-sentence investigation, then the State may offer any criminal history that you might have. If there's not any objection to it, your attorney may want to tell me some things; but then I would just make a decision and assess the punishment. Do you know what you want to do? Tell me what you want to do.

Bell answered, "Waive it." However, when the State then indicated its intent to offer into evidence certified copies of Bell's prior convictions, Bell objected on the ground that such evidence had not been provided by the State in response to a

---

1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp.2004–2005), § 481.115(a), (b) (Vernon 2003).

proper discovery request. The court declined to rule on Bell's objection and stated its intention to order a PSI. Bell then asked the court not to consider any report of Bell's criminal record that might be included in the PSI. The court impliedly denied this request, ordered a PSI, and recessed the hearing for two weeks. A PSI was prepared which reflected a lengthy criminal history for Bell. At the final punishment hearing, the trial court gave the parties the opportunity to make any objections, deletions, or additions to the PSI. The State had none. Bell objected on the ground that nothing in the criminal history section of the PSI was certified and that such history was therefore inadmissible hearsay. The court overruled this objection. Both sides announced ready to proceed and affirmatively stated to the court they had no evidence to offer. After brief arguments by counsel, the court assessed Bell's punishment at twenty months' confinement in a state jail facility and sentenced him accordingly.

■ Bell first contends the trial court erred in assessing punishment by considering an uncertified criminal history contained in the PSI. In support, he cites Article 37.07(a)(1) of the Code of Criminal Procedure, which requires evidence of an extraneous crime or bad act, offered at a punishment hearing, be "shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2004–2005).

In *Fryer v. State,* 68 S.W.3d 628, 631 (Tex.Crim.App.2002), the appellant cited the concurring opinion in *Nunez v. State,* 565 S.W.2d 536, 540 (Tex.Crim.App.1978)

(Onion, J., concurring), wherein Presiding Judge John F. Onion, Jr., stated that certain types of evidence available in a PSI, including arrest reports not resulting in final convictions, and extraneous offenses, should not be considered in assessing punishment. The court in *Fryer* pointed out that, after *Nunez,* Article 37.07 was amended to give trial courts explicit authority to consider a PSI for general punishment assessment purposes, citing Article 37.07, Section 3(d) and *Whitelaw v. State,* 29 S.W.3d 129, 133 (Tex.Crim.App. 2000). The court went on to quote, approvingly, Judge Onion's concurring and dissenting opinion in a later case [2] where he, after pointing out that PSIs often contain reports of arrests not resulting in final convictions, pending indictments, and hearsay statements, acknowledged that (as a result of the amendment to Article 37.07), "It would appear that these matters may now be properly considered by the court using the pre-sentence report to determine punishment...."

*Fryer* explains why Bell's reliance on Article 37.07, Section 3(a)(1) is misplaced and why Article 37.07, Section 3(d), as construed by the Texas Court of Criminal Appeals, authorized the trial court to consider Bell's criminal history in the PSI. *See Wilson v. State,* 108 S.W.3d 328, 330–32 (Tex.App.-Fort Worth 2003, pet. ref'd).

Bell also cites *Mitchell v. State,* 931 S.W.2d 950 (Tex.Crim.App.1996), and *Williams v. State,* 958 S.W.2d 844, 845 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd). The court in *Williams* affirmed the admission into evidence, over Williams' objection, the PSI that reported unadjudicated, extraneous offenses. Citing Article 37.07, Section 3(a) and *Mitchell,* the *Williams* court held that, when the trial court assesses punishment, the court may

---

**2.** *Tamminen v. State,* 653 S.W.2d 799, 807 n.     6 (Tex.Crim.App.1983).

determine that an extraneous offense is relevant to punishment and admit such evidence, but the court may then only consider the extraneous offense if it finds the offense was proven beyond a reasonable doubt. *Williams*, 958 S.W.2d at 845. The court affirmed the trial court's judgment because there was no indication the trial court considered the extraneous offenses or bad acts without determining whether they had been proven beyond a reasonable doubt. Further, considering the punishment actually assessed (ten years' imprisonment) as compared to the range available (five years to ninety-nine years or life in prison), the court concluded there was no evidence the trial court considered the extraneous offenses or bad acts in assessing punishment. *Id.*

Bell argues that, considering the punishment assessed against him (twenty months' confinement), as compared to the range available (six months to twenty-four months' confinement), it is evident the trial court did consider the extraneous offenses contained in the PSI. We agree. However, we find it was appropriate for the trial court to so consider such information. The court in *Williams* based its decision on Article 37.07, Section 3(a) and *Mitchell.* That decision was rendered before *Fryer* and made no reference to Article 37.07, Section 3(d). *Fryer* held that consideration by the trial court of such evidence in a PSI is now authorized by Article 37.07, Section 3(d).

Bell further contends the criminal history contained in the PSI should not be considered because the offenses contained therein are not properly authenticated and therefore do not prove Bell's commission of those offenses beyond a reasonable doubt. He cites *Sanders v. State,* 787 S.W.2d 435 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd). *Sanders,* however, did not involve a PSI. There, the lack of au-

thentication at issue—in a trial where the jury assessed punishment—was an uncertified copy of an order revoking probation used in proving an enhancement allegation in the indictment. The *Sanders* court held that, because the "order revoking probation" was not certified and no other evidence of revocation was presented, it could not assume the appellant's probation was revoked. *Id.* at 438. *Sanders* is distinguishable from the instant case.

The criminal history at issue here was contained in a PSI and was considered by the trial court—not a jury—pursuant to Article 37.07, Section 3(d). That subsection provides that, "When the judge [as opposed to the jury] assesses the punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code and after considering the report ... he shall forthwith announce his decision in open court as to the punishment to be assessed." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (Vernon Supp. 2004–2005). Article 42.12, Section 9 expressly provides that the PSI should contain "the criminal and social history of the defendant." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9 (Vernon Supp.2004–2005). This provision is silent as to how such history should be reported in the PSI. It clearly does not require offenses contained in the criminal history to be certified. Nonetheless, the trial court is specifically authorized by statute to consider the contents of the PSI. *See Nicolopulos v. State,* 838 S.W.2d 327, 328 (Tex.App.-Texarkana 1992, no pet.). That the PSI contains hearsay information does not preclude its use by the sentencing judge. *Id., citing Brown v. State,* 478 S.W.2d 550 (Tex.Crim. App.1972).

Bell might understandably ask: What recourse does a defendant have when inaccurate information finds its way into a

PSI? Article 42.12, Section 9 provides the answer:

> (d) Before sentencing a defendant, the judge shall permit the defendant or his counsel to read the presentence report.
>
> (e) The judge shall allow the defendant or his attorney to comment on a presentence investigation ... and, with the approval of the judge, introduce testimony or other information alleging a factual inaccuracy in the investigation or report.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(d), (e).

 These provisions place the burden on the defendant to prove that the information contained in a PSI is inaccurate. *Garcia v. State*, 930 S.W.2d 621, 623 (Tex. App.-Tyler 1996, no pet.). Here, Bell was permitted to read the PSI and, as in *Garcia*, was given the opportunity to present "objections to the pre-sentence report, deletions, [or] additions." Bell objected to the criminal history in the PSI on the basis that it contained inadmissible hearsay, but offered no deletions or additions. The trial court properly overruled Bell's objection and then specifically asked if he had any objection as to the correctness of the information within the report. Bell's counsel responded by saying he had no way of knowing if the information was correct because of the absence of any certification. Such response was inadequate because it failed to explain why his client, Bell, was incapable of providing information concerning the accuracy of the PSI. Bell was then given the opportunity to present evidence, and he presented none.

In summary, pursuant to Article 37.07, Section 3(d) and Article 42.12, Section 9, the trial court properly considered the criminal history contained in the PSI even though the offenses reported in that history were not certified. Bell failed in his burden of proving any inaccuracy contained in the PSI. For these reasons, Bell's first point of error is overruled.

Bell next contends the trial court erred in assessing punishment when the PSI was not admitted into evidence. He cites no authority for this contention. The State responds by pointing out that Bell waived this complaint by failing to raise the objection at the trial court level. We agree.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R.APP. P. 33.1(a)(1)(A). Bell does not direct us to any place in the record where he objected at the trial court level to consideration of the PSI because it had not been admitted into evidence. Nothing is presented for review. His second point of error is overruled.[3]

We affirm the judgment.

---

**3.** Based on TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9's restriction of access to the information contained in the PSI, we feel the better practice is to not admit the PSI into evidence. Such practice, in and of itself, should not restrict the parties' access to that information or the judge's consideration of that information in assessing punishment.