



## MEMORANDUM OPINION

No. 04-10-00779-CR

Mohammed **BOYD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 1997CR5084
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  October 12, 2011

AFFIRMED

A jury convicted appellant, Mohammed Boyd, of aggravated robbery with a deadly

weapon, and the trial court sentenced him to confinement for twenty-eight years.  We affirm.

### BACKGROUND

On December 30, 1996, appellant robbed a San Antonio grocery store at gunpoint.

Appellant then fled to Germany before his trial for the robbery began.  In 2008, after serving a

prison sentence in Germany, appellant was deported to the United States and, in August 2010, he

was tried in Bexar County for the 1996 robbery. After a jury convicted appellant, the trial court sentenced him to confinement for twenty-eight years.

During sentencing, the trial court considered a pre-sentence investigation ("PSI") report that stated appellant had several criminal convictions in Germany, including four convictions for rape. During cross-examination at the sentencing hearing, appellant testified he was convicted of several rapes in Germany and was sentenced to confinement for eight years, although he claimed he did not actually commit the rapes.

## DISCUSSION

In his sole issue on appeal, appellant argues the trial court abused its discretion by considering the German rape convictions during sentencing without applying a "substantially similar" test to compare the German convictions with the Texas Penal Code. We disagree.

Appellant argues the trial court could not consider the German convictions without first determining whether the German statute under which he was convicted of rape was "substantially similar" to a Texas Penal Code provision. In support of his argument, appellant cites the Court of Criminal Appeals decision in *Prudholm v. State*, 333 S.W.3d 590 (Tex. Crim. App. 2011). The *Prudholm* Court applied the "substantially similar" test in a case in which a defendant's sentence was *enhanced* with evidence of a prior conviction in a foreign jurisdiction. *See id.* at 594 (citing TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v) (West 2011) (permitting enhancement of a felony sentence if a defendant has been convicted in another jurisdiction for an offense that is "substantially similar" to certain Texas offenses)). Here, because the State did not seek to enhance the original charge or the range of punishment with evidence of the German rape convictions, the trial court was not required to apply a "substantially similar" test to compare the German convictions with the Texas Penal Code.

Further, the Texas Code of Criminal Procedure provides:

**Presentence Investigations**

Sec. 9. (a) . . . before the imposition of sentence by a judge in a felony case, . . . the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, *the criminal and social history of the defendant*, and any other information relating to the defendant or the offense requested by the judge. . . . [emphasis added]

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(a) (West 2006). The statute expressly authorizes the trial court to consider the contents of a PSI report, including "the criminal and social history of the defendant." *Id.* Before sentencing, the defendant or his counsel may review the PSI report and may, with court approval, challenge any factual inaccuracies contained therein. *Id.* § 9(d), (e). However, a defendant's allegation of factual inaccuracies contained in the PSI report does not render the report inadmissible. *Bell v. State*, 155 S.W.3d 635, 639 (Tex. App.—Texarkana 2005, no pet.); *Garcia v. State*, 930 S.W.2d 621, 623 (Tex. App.—Tyler 1996, no pet.); *Stancliff v. State*, 852 S.W.2d 639, 641 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Rather, the defendant bears the burden of proving the PSI report contained information that was materially inaccurate and that the trial judge relied upon that information. *Bell*, 155 S.W.3d at 639; *Garcia*, 930 S.W.2d at 623; *Stancliff*, 852 S.W.2d at 641.

Here, appellant objected to the contents of the PSI report, arguing that the list of German convictions was not relevant and was not supported by "strict proof." The trial court responded, "If there's something in there that [appellant] is denying and there's no proof and the State can't prove it to me, then I won't consider it. . . . So I will overrule your objection at this point." Later, when questioned by the State regarding the German rape convictions, appellant testified, "I was charged with rape and I was convicted." Appellant testified he was convicted of multiple counts of rape in Germany and sentenced to a combined eight years of imprisonment, of which

he served about seven years. Therefore, on appeal, appellant has not demonstrated the PSI report contained information that was materially inaccurate; in fact, appellant's testimony established the opposite.

Accordingly, the trial court did not abuse its discretion by considering the German rape convictions listed in the PSI report and by not applying a "substantially similar" test in this case.

## CONCLUSION

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish