Opinion filed June 6, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00195-CR

_____

## KARL LEE BUNSELMEYER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17658B**

## M E M O R A N D U M   O P I N I O N

Appellant, Karl Lee Bunselmeyer, signed a stipulation of evidence and entered an open plea of guilty to the offense of aggravated sexual assault of a child. The trial court convicted Appellant of the offense and assessed his punishment at confinement for thirty-five years. We affirm.

In his sole issue on appeal, Appellant contends that the trial court abused its discretion at the punishment phase of trial when it considered a presentence report that was not made part of the record in this case in violation of Appellant's right to due process under TEX. CONST. art. I, § 13 and TEX. CODE CRIM. PROC. ANN. art. 1.04 (West 2005). The record from the hearing on Appellant's guilty plea reflects that Appellant requested a "presentence report" and that the trial court ordered the preparation of a presentence investigation report (PSI). *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9 (West Supp. 2012). The trial court subsequently held a disposition hearing. At the beginning of that hearing, the trial court ensured that Appellant and the State had each received a copy of the PSI. The trial court gave Appellant's counsel an opportunity to make corrections to the PSI. The witnesses were then sworn, and both sides were permitted to call witnesses and present evidence. At the end of the hearing, the trial court pronounced Appellant's sentence after stating on the record that the trial court had "carefully consider[ed] the PSI, evidence, argument of Counsel and the applicable law."

The record shows that Appellant did not request that the PSI be admitted into evidence, did not object that it was not admitted into evidence or included in the record, and did not object to the trial court's taking the PSI into consideration. Thus, Appellant failed to preserve for review any contention that the omission of the PSI from the record constitutes error. *See* TEX. R. APP. P. 33.1(a); *Bell v. State*, 155 S.W.3d 635, 639 (Tex. App.—Texarkana 2005, no pet.). The inclusion of the PSI in the record is not automatic, and defense counsel should include the PSI in the record if the material in the PSI is in dispute. *Diaz v. State*, No. 11-10-00381-CR, 2012 WL 2978786 (Tex. App.—Eastland July 19, 2012, no pet.) (mem. op., not designated for publication). A trial court is not prohibited from considering a PSI that has not been admitted into evidence. As noted by the court in *Bell*, based on Article 42.12, section 9's "restriction of access to the information contained in

the PSI, we feel the better practice is to not admit the PSI into evidence. Such practice, in and of itself, should not restrict the parties' access to that information or the judge's consideration of that information in assessing punishment." 155 S.W.3d at 639 n.3. We hold that Appellant's due process rights were not violated by the trial court's consideration of the PSI in this case. Appellant's sole issue is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


June 6, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.