# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00107-CR

**Javier M. Lozano, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 12-1802-K277, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Javier M. Lozano, Sr. has requested by letter that this Court direct the court reporter to supplement the reporter's record with a copy of the presentence investigation (PSI) report prepared in connection with appellant's sentencing by the trial court after appellant entered open pleas of guilty to ten counts of sexual assault of a child. *See* Tex. Crim. Code Proc. art. 42.12, § 9(a). We deny the request.

In making his request, appellant relies on Rule 34.6(d) of the Texas Rules of Appellate Procedure which allows for the filing of a supplemental reporter's record containing relevant items omitted from the record. *See* Tex. R App. P. 34.6(d). However, the reporter's record on appeal consists of the court reporter's transcription of the proceedings (if the proceedings were stenographically recorded as they were here), and any of the exhibits, that the parties to the appeal

designate. *See* Tex. R App. P. 34.6(a). While designated by appellant for inclusion in the reporter's record, the PSI report appellant now seeks to have added to the record was not admitted into evidence as an exhibit at the punishment hearing. Appellant's trial counsel did not request that the PSI report be admitted into evidence nor did he object that it was not admitted into evidence or included in the record. Having not been made part of the record, it has not been "omitted" from the reporter's record. Thus, Rule 34.6(d) does not apply. *See Amador v. State*, 221 S.W.3d 666, 676–77 (Tex. Crim. App. 2007) ("The record may be supplemented under the appellate rules if something has been omitted, [but] the supplementation rules cannot be used to create new evidence.") (quoting *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004)).

The dissent maintains that we should abate this appeal to allow the trial court to decide whether the PSI report should be included in the record because "there appears to be a dispute as to the accuracy and completeness of the reporter's record with regard to the PSI report." *See* Tex. R. App. P. 34.6(e)(3). However, in his request appellant does not dispute the accuracy of the reporter's record (which demonstrates that the PSI report was not offered or admitted into evidence at the punishment hearing). Nor does he contest the court reporter's statements (contained in an email communication to him that he attached to his letter request to this Court) indicating that the PSI report is neither in her possession nor the clerk's possession. Nor does appellant refute the court reporter's position that appellant is seeking a "supplementation that was *not* an exhibit at the trial." (emphasis added). Appellant simply asserts that the trial court requested and considered the PSI during sentencing. This bare assertion does not demonstrate a dispute about the accuracy of the reporter's record or the exhibits included therein.

2

The dissent also complains that we have refused appellant the opportunity "to have the trial court determine whether the PSI report, in whole or in part, was 'seen by, used by, or considered by the trial judge' and thus should be included in the appellate record[.]" These are two distinct issues. We readily acknowledge that the trial court, pursuant to the statute authorizing and mandating a presentence investigation, looked at and possibly considered the PSI report, or portions thereof, in assessing appellant's punishment. However, that is a separate question from what is appropriately included in the appellate record for our review. The trial court is authorized to consider the information gathered in the PSI when assessing punishment. That does not automatically render the report containing that information part of the record. In this case, the PSI was not filed with the clerk or admitted as an exhibit at trial. Thus, it is not part of either the clerk's record or the reporter's record. Accordingly, the absence of the report in the appellate record does not render the record inaccurate or incomplete (as the dissent suggests)—the premise underlying the supplementation rules of the Rules of Appellate Procedure. *See* Tex. R. App. P. 34.5(c) (providing for supplementation of clerk's record with *omitted* items), 34.6(d) (providing for supplementation of reporter's record with *omitted* items).

We also disagree with the dissent's assertion that the PSI report is relevant to this appeal because "the contents of the report appear to be the basis for the trial court's decision to stack [appellant's] sentences."[1] When assessing appellant's sentence, the trial court referenced only one

_____

[1] We are in the unique position in this case of knowing the points of error appellant raises on appeal because appellant's brief was filed approximately three weeks after his letter request regarding supplementation of the reporter's record with the PSI report. Appellant did not seek an extension of time to file the brief until his request had been addressed by this Court.

3

specific portion of the PSI report: appellant's admission that he engaged in sexual conduct with the child victim far more often than the ten times that formed the basis of the ten counts to which he pled guilty. Thus, we already know the contents of the PSI report that possibly formed, in part, the basis of the trial court's decision to cumulate appellant's sentences, and adding the report to the appellate record is not warranted in this situation. More importantly, appellant's counsel did not, at any time, object to the contents of the PSI report or attempt to correct any purported errors in it. Prior to sentencing, appellant did not allege a factual inaccuracy in the investigation or report as allowed for by the statute. *See* Tex. Code Crim. Proc. art. 42.12 , § 9(e). At the punishment hearing, prior to assessing appellant's sentence, the trial court asked if both sides had an opportunity to review the PSI report. Appellant's counsel responded that both he and appellant had viewed the report. The trial court then asked, "Any comments or issues that we need to discuss about that?" to which appellant's counsel responded, "Not from the defense, Your Honor." When the trial court referenced the admission that appellant made in the PSI, appellant did not object. Appellant's failure to object (despite multiple opportunities to do so) means that the contents of PSI report are not relevant to this appeal. Furthermore, the PSI report was only one of several considerations contributing to the trial court's sentencing decision. The trial court explicitly discussed "[o]ther things that . . . brought [the judge] to [his sentencing] decision in this case," including portions of appellant's recorded interview with the detective and the fact that appellant, the stepfather of the child victim (who had previously been sexually assaulted), violated the child's trust and betrayed their father-daughter relationship by taking advantage of her vulnerability as both a child and a sexual assault victim.

4

Simply because the Rules of Evidence do not apply to the contents of a PSI, *see Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002), does not mean the Rules of Evidence (or Rules of Appellate Procedure) do not otherwise apply at a punishment hearing when a PSI is used. It was incumbent upon appellant to ensure the inclusion of the PSI report in the record at the punishment hearing if he wanted this Court to review its contents on appeal.[2] *See Guajardo v. State*, 109 S.W.3d 456, 469 n.17 (Tex. Crim. App. 2003) ("It is, however, the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents."); *see also Bunselmeyer v. State*, No. 11-11-00195-CR, 2013 WL 2642141, at *1 (Tex. App.—Eastland June 6, 2013, no pet.) ("The

---

[2] We disagree with the dissent's suggestion that the PSI report should be included in the record simply because the trial court considered it in assessing appellant's punishment. A PSI is a statutorily created collection of information that the trial court is not only authorized but *mandated* to have done. Under the Texas Code of Criminal Procedure, when a judge is assessing punishment for an offense, a PSI is required to be submitted for consideration by the judge in nearly all non-capital felony cases where community supervision is a punishment option. *See* Tex. Code Crim. Proc. art. 42.12, § 9(a); *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). However, the PSI report need not be formally introduced into evidence in order to be considered by the court. *See Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004). In fact, the PSI report itself is "confidential" and may be released only as specified under the statute. *See* Tex. Code Crim. Proc. art. 42.12, § 9(j). The trial judge cannot even inspect it (and the contents may not be disclosed to any person) unless the defendant pleads guilty (or is convicted) or the defendant authorizes, in writing, the trial judge to look at it. *Id.* art. 42.12, § 9(c). Further, the statute allows only very limited access to the report—the defendant or defense counsel can *read* it and the State merely has "access" to any information made available to the defendant. *Id.* art. 42.12, § 9(d),(f). Because the PSI report is deemed "confidential" by law, it is not required to be made part of the appellate record and thus is not normally included in that record. *Brewer*, 2004 WL 3093224, at *4; *see Taylor v. State*, No. 11-10-00114-CR, 2011 WL 6811126, at *1 (Tex. App.—Eastland Dec. 22, 2011, no pet.) (mem. op., not designated for publication) ("Inclusion of the presentence investigation report in the record is not automatic."); *see also Bell v. State*, 155 S.W.3d 635, 639 n.3 (Tex. App.—Texarkana 2005, no pet.) ("Based on [the statute's] restriction of access to the information contained in the PSI, we feel the better practice is to not admit the PSI into evidence. Such practice, in and of itself, should not restrict the parties' access to that information or the judge's consideration of that information in assessing punishment.").

inclusion of the PSI in the record is not automatic, and defense counsel should include the PSI in the record if the material in the PSI is in dispute."). The statutory scheme governing a PSI does not relieve appellant of this burden. Having failed to ensure the inclusion of the PSI report in the record at trial, appellant cannot now utilize Rule 34.6(d) to expand the record for appeal. Accordingly, we deny appellant's request to direct the court reporter to supplement the record with the PSI report and file it with this Court.

Before Justices Puryear, Goodwin, and Field;
     Dissenting Opinion by Justice Field

Filed:   July 22, 2014

Do Not Publish