ACCEPTED
06-15-00009-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/26/2015 11:45:13 AM
DEBBIE AUTREY
CLERK

## NO. 06 – 15 – 00009 – CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/26/2015 11:45:13 AM
DEBBIE AUTREY
Clerk

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

## CHRISTIAN SIBLEY

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

On appeal from the County Court At Law One, Gregg County, Texas
Trial Court Case No. 2013-2143

## BRIEF OF THE STATE OF TEXAS

## – ORAL ARGUMENT NOT REQUESTED –

Carl Dorrough
Criminal District Attorney

John J. Roberts
Texas Bar No. 24070512
Assistant District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.2(a)(2)(A), the State supplements Appellant's

list of parties to the trial court's final judgment with the names and addresses of all

appellate counsel:

**Attorney for the Appellant on Appeal**

Clement Dunn
140 East Tyler, Suite 240
Longview, Texas 75601

**Attorney for the State on Appeal**

Carl Dorrough
Criminal District Attorney
Gregg County, Texas

John J. Roberts
Texas Bar No. 24070512
Assistant District Attorney
101 East Methvin St., Suite 333
Longview, TX 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL........................................................1

TABLE OF CONTENTS .................................................................................2

INDEX OF AUTHORITIES..............................................................................3

STATEMENT OF FACTS................................................................................5

SUMMARY OF THE ARGUMENT .................................................................5

ARGUMENT....................................................................................................6

A.   Error Was not Preserved...............................................................6

B.   Court Can Rely on Pre-Sentence Report......................................8

PRAYER......................................................................................................123

CERTIFICATES OF SERVICE AND COMPLIANCE ..................................144

# INDEX OF AUTHORITIES

**Cases**

**Texas Court of Criminal Appeals Cases**

*Bitterman v. State*, 180 S.W.3d 139 (Tex. Crim. App. 2005).....................................7

*Brewer v. State*, 1270-03, 2004 WL 3093224 (Tex. Crim. App.  May 19, 2004) (mem. op., not designated for publication)................................................................11

*Brito Carrasco v. State*, 154 S.W.3d 127 (Tex. Crim. App. 2005)............................8

*Hayden v. State*, 296 S.W.3d 549 (Tex. Crim. App. 2009).......................................8

*Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004).......................................6

*Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996) (plurality op.)............8, 9

*Moore v. State*, 295 S.W.3d 329 (Tex. Crim. App. 2009) ........................................6

*Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998).......................................6

**Texas Court of Appeals Cases**

*Bell v. State*, 155 S.W.3d 635 (Tex. App.—Texarkana 2005)...........................10, 11

*Jackson v. State*, 2014 Tex. App. LEXIS 12439 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd)........................................................................................................11

*Jordan v. State*, 02-05-450-CR, 2006 Tex. App. LEXIS 8434 (Tex. App. – Fort Worth 2006, no pet. h.) (mem. op.)......................................................................6,7

**Statutes**

Tex. Code Crim. Proc. Art. 37.07, § 3(a) (1)......................................................8, 9

Tex. Code Crim. Proc. Art. 37.07, § 3(g)................................................................9

Tex. Code Crim. Proc. Art., 42.12, § 9...........................................................................11

## **Rules**

Tex. R. App. P. 33.1(a)(1)....................................................................................6, 7

Tex. R. App. P. 33.1(a)(2).......................................................................................6

## STATEMENT OF FACTS

Christian Sibley ("Appellant") entered a plea to the Class A misdemeanor offense of "Escape from Custody" without an agreement with the State regarding punishment. R.R. at 4. Because the Appellant reserved punishment for the Trial Court, the Gregg County Community Supervision Department prepared a pre-sentence report, which detailed the Appellant's criminal history. R.R. at 5.

Both sides allowed the Court to consider the pre-sentence report for purposes of determining punishment, and neither the State nor the Appellant objected to the content or suggested any points of error in the report. *Id.* at 6.

Additionally, the State introduced an offense report, which the Court received into evidence without objection. *Id.* at 6-7. At the conclusion of the punishment hearing, following lengthy summations from both sides, the Court assessed a sentence of three-hundred-thirty days in the county jail, a four-hundred dollar fine, and cost of court. *Id.* at 13-14.

## SUMMARY OF THE ARGUMENT

Because the Appellant failed to raise his complaint at trial or in a subsequent motion for new trial, this Court should affirm the Trial Court's judgment.

Furthermore, the Court properly relied on its knowledge of the Appellant's criminal history contained in the pre-sentence report, which was offered to the court without objection.

## ARGUMENT

### A. Error Was Not Preserved

**Because the Appellant failed to raise his complaint at trial or in a subsequent motion for new trial, error was not preserved.**

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that specifically states the grounds for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998). Additionally, the trial court must rule on the request, objection, or motion, or in the absence of a ruling, the complaining party must object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is a systematic requirement that the appellate court should review on its own motion. *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).

A topical case is *Jordan v. State*, 02-05-450-CR, 2006 Tex. App. LEXIS 8434 (Tex. App. – Fort Worth 2006, no pet. h.) (mem. op.). In *Jordan*, the defendant pleaded open to the court, and at the sentencing hearing, the State asked the court to consider the findings of a pre-sentence report in assessing punishment. *Id.* The Defendant made no objection to the State's request or to the trial court's consideration of the report. *Id.* The trial court then sentenced the defendant to twenty-five years confinement. *Id.*

The defendant appealed on the basis that the trial court erred by relying on a pre-sentence report to assess punishment. *Id.* However, because he failed to raise this issue at trial, the Court of Appeals affirmed the trial court's judgment. *Id.*

In the present case, the Appellant contends that he is entitled to a new punishment hearing because the Trial Court based its sentence on matters not in evidence. Specifically, the Appellant alleges that the Court's consideration of "the Court's own knowledge of Mr. Sibley through the years" amounts to an allusion to something beyond matters in evidence. R.R. at 13-14.

However, at no time during the punishment hearing did the Appellant present to the Court a timely request, objection, or motion that specifically addressed this complaint, as required by Texas law. Tex. R. App. P. 33.1(a)(1). Additionally, the Appellant did not raise the complaint in a subsequent motion for new trial, an

alternative recourse in the event there is little opportunity to object at trial. *Bitterman v. State*, 180 S.W.3d 139, 143 (Tex. Crim. App. 2005).

Therefore, because the Appellant failed to raise this issue at trial, this Court should affirm the Trial Court's judgment.

## B. <u>Court Can Rely on Pre-sentence Report to Assess Punishment</u>

**In assessing punishment, the Court properly relied on its knowledge of the Appellant's criminal history contained in the presentence report, which was offered to the Court without objection.**

At its core, the Appellant's argument centers on statements made by the Trial Court in reference to extraneous-offenses committed by the Appellant in assessing his punishment.

Appellate courts review a trial court's consideration of extraneous-offence evidence under an abuse-of-discretion standard. *Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996) (plurality op.). Under this standard, the appellate court shall uphold the trial court's ruling if it is reasonably supported by the record, is correct under any theory of law applicable to the case, and it is within the zone of reasonable disagreement. *Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009); *Brito Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

The admissibility of evidence at the punishment stage of a trial is controlled by article 37.07:

> [E]evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and…any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (1).

In the present case, the Appellant alleges that the Court relied on facts not in evidence when it considered in part its "own knowledge" of the Appellant's criminal history. He further alleges that because he did not receive the required notice of this "knowledge" he was prejudiced by unfair surprise. Article 37.07, Tex. Crim. Proc., § 3(g).

The Appellant contends that the Court's remarks remained vague and obscure. But in fact, a plain reading of the record vanquishes any suggestion of ambiguity. The Court's assertion that it would rely on its "own knowledge" equates to nothing more than a mere mention of its awareness of extraneous-offenses committed by the Appellant, which were discussed in the pre-sentence report offered to the Court without objection.

9

Additionally, the fact that the pre-sentence report was not formally admitted into evidence presents an interesting challenge to the Appellant's position that the trial court should restrict its consideration to facts in evidence. This Court confronted a similar issue in *Bell v. State*, 155 S.W.3d 635 (Tex. App.—Texarkana 2005).

In *Bell*, the defendant appealed the judgment of the 188th Judicial District Court of Gregg County on the ground that the court relied on facts not in evidence. *Id.* at 636. Specifically, the court relied on a pre-sentence report (referred to in the opinion as a "PSI") which included a lengthy criminal history for the defendant. *Id.* At the final punishment hearing, the trial court gave the parties the opportunity to make any objections, deletions, or additions to the report. *Id.* at 637. The Defendant objected on the basis that the criminal history section of the report was uncertified and therefore amounted to inadmissible hearsay. *Id.* The trial court overruled the defendant's objection. *Id.*

On appeal, Bell argued in part that the trial court erred in assessing punishment by considering the contents of the pre-sentence report because the report was not formally admitted into evidence. *Id.* at 639. This Court affirmed the trial court's judgment because while Bell did object to hearsay statements contained in the report, he failed to specifically object to the Court's consideration of facts not

10

formally admitted into evidence. *Id*. Additionally, regarding a trial court's reliance on pre-sentence reports *not* introduced into evidence, this Court reasoned as follows:

> Based on Tex. Code Crim. Proc. Ann. art. 42.12, § 9's restriction to access to the information contained in the PSI, we feel the better practice is to not admit the PSI into evidence. Such practice, in and of itself, should not restrict the parties' access to that information or the judge's consideration of that information in assessing punishment.

*Id.*

This opinion aligns with holdings in similar cases that emphasize the fact that the purpose of a pre-sentence report is to fully inform the trial court of the circumstances of the offense, the defendant's background, education, prior offenses, and prospects for rehabilitation. *Brewer v. State*, 1270-03, 2004 WL 3093224 at *2-3 (Tex. Crim. App. May 19, 2004) (mem. op., not designated for publication). While not precedent, *Brewer* illustrates the diminutive value in preparing a pre-sentence report if the trial judge cannot consider the information within it. *Jackson v. State*, 2014 Tex. App. LEXIS 12439 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (*citing Brewer*, at *3).

So, if the purpose of a pre-sentence is to fully inform the trial judge before assessing punishment, it seems counterintuitive, if not impossible for the judge to disregard her first-hand knowledge of the very facts contained in the report.

Therefore, the Court properly relied on its knowledge of the Appellant's criminal history contained in the presentence report, which was offered to the Court without objection.

## CONCLUSION

As in *Bell*, the Appellant in the present case did not raise his objection at the trial court level, and therefore, he is barred from asserting the claim on appeal. Furthermore, read in proper context, a reasonable interpretation of the Court's statements reveal nothing more than a harmless reference to its personal knowledge of the facts contained in the pre-sentence report, which was offered to the Court without objection.

## PRAYER

It is submitted that all things are regular, and the State prays that the sentence be Affirmed.

Respectfully Submitted,

**/S/   John Roberts**
**John J. Roberts**
Texas Bar No. 24070512
Assistant District Attorney
101 East Methvin St., Suite 333
Longview, TX  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701
John.Roberts@co.gregg.tx.us

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile to:

Clement Dunn
140 East Tyler, Suite 240
Longview, Texas 75601

this 25th day of June, 2015.

**/S/  John Roberts**
**John Roberts**
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I certify that the **BRIEF OF THE STATE OF TEXAS,** exclusive of the following: caption, identity of parties and counsel, table of contents, index of authorities, statement of facts, summary of the argument, argument, prayer, certificates of service and compliance contains 2,071 words, according to Word software.

**/S/  John Roberts**
**John Roberts**
Assistant District Attorney