

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00013-CR

---

MAXIMINO MANUEL IBARRA, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027810

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Maximino Manuel Ibarra was indicted for capital murder. Pursuant to a charge bargain, Ibarra pled guilty to the lesser-included offense of murder and, following a bench trial on punishment, was sentenced to forty years' imprisonment.[1] On appeal, Ibarra argues that the trial court erred by considering facts contained in the presentence investigation report (PSI) when it was not admitted into evidence and that, as a result, no evidence supported the punishment assessed. We affirm the trial court's judgment because (1) the trial court could consider facts in the PSI even though it was not admitted into evidence, and (2) Ibarra's punishment was within the statutory range and was supported by the evidence.

## I. The Trial Court Could Consider Unobjected-to Facts in the PSI Even Though It Was Not Admitted into Evidence

After Ibarra's plea of guilt, the trial court ordered the preparation of a PSI as required by Article 42A.252 of the Texas Code of Criminal Procedure. At punishment, after the trial court stated that it had received the PSI, Ibarra's counsel said, "We have no objections to it." The State asked the trial court to take judicial notice of its file, including the PSI, without objection from Ibarra. At sentencing, the trial court made several statements indicating that it considered evidence from the PSI.

On appeal, Ibarra argues that the trial court erred in considering the facts in the PSI because they were not offered by the State or admitted into evidence. We disagree. Nothing requires the PSI to be admitted into evidence before a trial court can consider it, and we have previously stated that, because the PSI often contains confidential information, "the better

---

[1]The trial court granted Ibarra express permission to appeal.

practice is to not admit the PSI into evidence." *Bell v. State*, 155 S.W.3d 635, 639 n.3 (Tex. App.—Texarkana 2005, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 42A.256.

"When the judge assesses the punishment, the judge may order a presentence report . . ., and after considering the report, and after the hearing of the evidence . . . , the judge shall forthwith announce the judge's decision in open court as to the punishment to be assessed." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (Supp.). "Because a PSI report is intended to acquaint the sentencing trial judge with the defendant's criminal history, and the defendant has a full opportunity to object to the accuracy of the PSI report, a trial court may consider unobjected-to [facts] listed in the PSI report when assessing an appropriate sentence."[2] *Jackson v. State*, 474 S.W.3d 755, 757–58 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

In fact, in an unpublished opinion, the Texas Court of Criminal Appeals concluded that a trial court could consider facts contained in a judicially noticed PSI for the purpose of finding enhancement allegations true based on prior convictions. *See Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *2–3 (Tex. Crim. App. May 19, 2004) (not designated for publication). This opinion is not precedent, and we do not cite it as authority, but the court's reasoning is persuasive. *See* TEX. R. APP. P. 77.3. The court wrote:

> The purpose of compiling a PSI is to fully inform the trial court of the circumstances of the offense, the defendant's background, education, prior offenses, and prospects for rehabilitation, and the harm, if any, caused to the victim of a crime. There would be little purpose in compiling this report if the trial judge cannot rely upon the information contained within it. Because the Texas Legislature gave the defendant an explicit statutory right and opportunity to object to the factual accuracy of its contents and to correct any mistakes or

---

[2]The record shows that the trial court afforded Ibarra an opportunity to object to any inaccuracies in the PSI before it considered it.

3

misstatements, it surely intended that the trial judge would rely upon unobjected-to facts contained within that PSI when assessing an appropriate punishment.

*Brewer*, 2004 WL 3093224, at *3.

In sum, because Ibarra stated that he had no objections to the trial court's consideration of the PSI, and because the report is not required to be admitted into evidence before it can be considered, we overrule Ibarra's first point of error.

## II. Ibarra's Punishment Was Within the Statutory Range and Was Supported by the Evidence

A sentence "within the proper range of punishment" normally "will not be disturbed on appeal." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see Harvey v. State*, 173 S.W.3d 841, 850 (Tex. App.—Texarkana 2005, no pet.). Ibarra's forty-year sentence is within the appropriate range for a first-degree felony. TEX. PENAL CODE ANN. § 12.32. "[S]entencing is within the sound discretion of the trial court, and we review the sentence imposed by a trial court for an abuse of such discretion." *Harvey*, 173 S.W.3d at 850. A trial court will be found to have abused its discretion only if there is no evidence or factual basis for the punishment imposed. *Id.*

Ibarra readily acknowledges that "[p]unishment that falls within the legislatively prescribed range . . . is not subject to a sufficiency-of-the-evidence review on appeal." *See Montelongo v. State*, No. 08-18-00093-CR, 2020 WL 4034961, at *5 (Tex. App.—El Paso July 17, 2020, pet. ref'd) (not designated for publication).[3] Instead, Ibarra argues that, because

---

[3]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

the PSI was not admitted into evidence, his due process rights were violated because there was no evidence to support the punishment assessed, including the rejection of deferred adjudication community supervision. However, because we have explained that admission of the PSI into evidence was not a prerequisite to its consideration, Ibarra's argument fails.[4] Moreover, the evidence that Ibarra committed murder, including his judicial confession to the offense and a photograph of the deceased victim's body, also supports the trial court's sentence.[5]

We overrule Ibarra's remaining complaints.

---

[4] Ibarra argues that the failure to include the PSI precludes our appellate review. However, "[b]ecause the PSI report is deemed 'confidential' by law, it is not required to be made part of the appellate record and thus is not normally included in that record." *Brewer*, 2004 WL 3093224, at *4; *see Karnes v. State*, No. 05-07-01352-CR, 2008 WL 3917818, at *1 (Tex. App.—Dallas Aug. 27, 2008, no pet.) (not designated for publication) ("A PSI report is not designated as part of the mandatory appellate record that the trial court is required to provide in every criminal appeal." (citing TEX. R. APP. P. 34.5(a)(2))). Unlike a punishment enhancement allegation, the assessment of a sentence within the range of punishment is not subject to a sufficiency review. As a result, the PSI is not required for us to resolve the points of error Ibarra raises on appeal.

[5] Ibarra also argues that he was eligible for deferred adjudication community supervision unless the trial court found that he did not cause or intend to kill the deceased and did not anticipate that a human life would be taken. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.102(b)(4) (Supp.). Because the trial court's punishment assessment was within the range of punishment, we do not conduct any sufficiency review on the trial court's decision to reject deferred adjudication community supervision. We simply note that the trial court considered but rejected Ibarra's application based on the facts in the PSI. Specifically, the trial court recited that a witness saw Ibarra "kicking and stomping" the victim, found it "very likely that [Ibarra] contributed to the cause of [the victim's] death," and concluded that because the victim was moved to a truck after he stopped moving it was "easily anticipated that a human life would be taken." Also, because the trial court found Ibarra guilty of the offense, he was no longer eligible for deferred adjudication community supervision.

5

### III. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:    August 23, 2021
Date Decided:     September 9, 2021

Do Not Publish