

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00138-CR

_____

JOSE RAUL SARAVIA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1685865D

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Jose Raul Saravia appeals his sentence of six years' imprisonment for the offense of online solicitation of a minor. In two points, Saravia asserts (1) that the trial court erred by considering the pre-sentence investigation (PSI) report[1] during sentencing and (2) that his sentence is grossly disproportionate to the offense. We will affirm.

## I. Background

After communicating with whom he believed to be a fourteen-year-old girl[2] via a fake online account set up by law enforcement and arranging to meet her for sex, Saravia was indicted for the offense of online solicitation of a minor. Saravia pled guilty. Because Saravia had entered an "open plea"—that is, a guilty plea without the benefit of a plea agreement—the trial court ordered the preparation of a PSI report,

---

[1]A PSI report is a document that judges use to help assess a defendant's punishment for a crime. *See generally* Tex. Code Crim. Proc. Ann. art. 42A.252–.253. "The purpose of a PSI report is to provide the trial court with information regarding 'the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.'" *Yarbrough v. State*, 57 S.W.3d 611, 619 (Tex. App.—Texarkana 2001, pet. ref'd) (quoting Tex. Code Crim. Proc. Ann. art. 41.12, § 9(a) (repealed by Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2395)); *see also* Tex. Code Crim. Proc. Ann. art. 42A.253.

[2]At the sentencing hearing, the State acknowledged that the fake profile listed the accountholder as being thirty years old, but the record reflects that the communications from the fake account made it "abundantly clear" that Saravia believed he was interacting with a fourteen-year-old girl.

*see* Tex. Code Crim. Proc. Ann. art. 42A.252(a), and then held a hearing to assess Saravia's punishment.

At the sentencing hearing, the State called one witness: Taylor Hawkins, a criminal investigator with the Texas Department of Public Safety. Agent Hawkins was the lead investigator on Saravia's case and testified briefly about certain events involved in the crime. After Hawkins testified, the State rested on the PSI report—though the report was never admitted into evidence.

Saravia then testified on his own behalf and asked the trial court for probation. During cross-examination, the State—without objection—questioned Saravia about several matters contained in the PSI report. Finally, Saravia's wife testified and expressed her desire that Saravia be placed on probation.

During closing arguments, the State referenced the PSI report and asked the trial court to sentence Saravia to five years in prison. Saravia's counsel requested probation. The trial court, acknowledging that it had considered the PSI report, sentenced Saravia to six years in prison. This appeal followed.

## II. Discussion

On appeal, Saravia raises two points. First, he asserts that the trial court erred by considering the PSI report when assessing his sentence because it was never admitted into evidence. Second, he argues that his sentence is grossly disproportionate to the offense for which he was convicted. Saravia's arguments lack merit.

## A. Point One: The Trial Court's Consideration of the PSI Report

In his first point, Saravia asserts that the trial court erred by considering the PSI report during sentencing because it was never formally admitted into evidence. However, because Saravia never objected to the trial court's consideration of the PSI report, he has failed to preserve this complaint for appellate review. *See* Tex. R. App. P. 33.1(a). Moreover, even if the complaint had been preserved, we must overrule it on the merits.

To preserve a complaint for appellate review, the record must show that the appellant presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. *Id.*; *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). Here, Saravia did not object when the State questioned Saravia about information in the PSI report during the punishment hearing, nor did he object to the trial court's consideration of the PSI report. Indeed, Saravia has not directed us to any place in the record where he objected at the trial court level to the consideration of the PSI report on the ground that it had not been admitted into evidence. Thus, he has failed to preserve his complaint for review. *See, e.g., Bell v. State*, 155 S.W.3d 635, 639 (Tex. App.—Texarkana 2005, no pet.).

Even if we were to assume that Saravia's complaint had been preserved, we would overrule his first point on the merits. The Texas Code of Criminal Procedure clearly contemplates that a trial court assessing punishment will consider a PSI report, if one is ordered. *See* Tex. Code. Crim. Proc. Ann. art. 37.07, § 3(d) ("When the judge

4

assesses the punishment, the judge may order a presentence report . . . , and *after considering the report*, and after the hearing of the evidence . . . , the judge shall forthwith announce the judge's decision in open court as to the punishment to be assessed." (emphasis added)); *see also Jackson v. State*, 474 S.W.3d 755, 757–58 (Tex. App.— Houston [14th Dist.] 2014, pet. ref'd) ("Because a PSI report is intended to acquaint the sentencing trial judge with the defendant's criminal history, and the defendant has a full opportunity to object to the accuracy of the PSI report,[3] a trial court may consider unobjected-to [facts] listed in the PSI report when assessing an appropriate sentence."). Nothing in the statute requires the PSI report to be admitted into evidence before the trial court may consider it. In fact, as one of our sister courts has pointed out, because the PSI report often contains confidential information, "the better practice is to not admit the PSI [report] into evidence." *Bell*, 155 S.W.3d at 639 n.3.

In sum, because Saravia did not object to the trial court's consideration of the PSI report and because the report is not required to be admitted into evidence before the trial court may consider it, we overrule Saravia's first point.

---

[3]In support of his argument that the trial court erred in considering the PSI report, Saravia notes that "the record is absent on many of the PSI report requirements," including whether the trial court provided Saravia with a copy of the report at least 48 hours prior to the sentencing hearing. *See* Tex. Code Crim. Proc. Ann. art. 42A.255(a). However, Saravia never complained to the trial court that any such requirements had not been met. On a silent record, we must presume the regularity of the proceedings. *See Murphy v. State*, 95 S.W.3d 317, 320 (Tex. App.— Houston [1st Dist.] 2002, pet. ref'd).

## B. Point Two: The Proportionality of Saravia's Sentence

In his second point, Saravia argues that his six-year prison sentence is grossly disproportionate to the offense for which he was convicted and therefore constitutes cruel and unusual punishment in violation of both the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Texas Constitution. However, like Saravia's first point, this complaint is both unpreserved and meritless.

"It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). As noted above, to preserve a complaint for appellate review, the record must show that the appellant presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a); *Lovill*, 319 S.W.3d at 691. This rule holds true for a complaint that a sentence is grossly disproportionate. *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Fahmawi v. State*, No. 02-16-00325-CR, 2017 WL 3081217, at *1 (Tex. App.—Fort Worth July 20, 2017, no pet.) (mem op., not designated for publication) ("We have consistently held that [a disproportionate-sentence] complaint must be preserved for appellate review by first raising it in the trial court via a timely request, objection, or motion."). Because Saravia did not object when the trial court sentenced him or file a motion for new trial raising his disproportionality argument, he has forfeited this issue for appellate review. *See Mercado v. State*, 718 S.W.2d 291, 296 (Tex.

6

Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

Nevertheless, as with his first point, even if we were to assume that Saravia's second point had been preserved, we would overrule it on the merits. As Saravia acknowledges in his briefing, where, as here, the assessed punishment is within the statutory limits, it is generally not subject to a challenge for excessiveness. *Kim*, 283 S.W.3d at 475 (citing *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.)). Indeed, in assessing Saravia's sentence, the trial court had "essentially 'unfettered'" discretion to impose any sentence within the prescribed statutory range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)). Subject only to a very limited and "exceedingly rare" gross-disproportionality review, a punishment that falls within the legislatively prescribed range and that is based upon the sentencer's informed normative judgment is "unassailable" on appeal. *Id.*

To determine whether a noncapital sentence qualifies for this uncommon and "somewhat amorphous" exception, we engage in a three-step review beginning with a threshold analysis comparing the gravity of the offense to the severity of the sentence. *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 2022 (2010); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see also Chavez*, 213 S.W.3d at 323–24. Assessing the gravity of the offense requires us to consider (1) the harm that the

defendant caused or threatened to the victim and to society, (2) the defendant's culpability, and (3) the defendant's prior adjudicated and unadjudicated crimes. *See Simpson*, 488 S.W.3d at 323. We weigh these factors against the defendant's sentence, looking to precedent for guidance as to the constitutional limits of proportional severity. *See Hutto v. Davis*, 454 U.S. 370, 374–75, 102 S. Ct. 703, 706 (1982) (per curiam); *McGruder v. Puckett*, 954 F.2d 313, 317 (5th Cir. 1992). In the rare case in which this threshold analysis indicates gross disproportionality, we proceed to steps two and three by comparing the defendant's sentence with those received by similar offenders in this jurisdiction and with those imposed for the same crime in other jurisdictions. *Simpson*, 488 S.W.3d at 323; *see also Solem v. Helm,* 463 U.S. 277, 296–300, 103 S. Ct. 3001, 3012–15 (1983) (applying steps two and three).

Saravia's gross disproportionality argument does not pass the threshold test. First, although Saravia did not actually sexually abuse or harm anyone because—unbeknownst to him—the person with whom he was communicating was, in reality, a police officer, his online solicitation of a minor poses a significant threat to society. *See Ex Parte Fisher*, 481 S.W.3d 414, 421 (Tex. App.—Amarillo 2015, pet. ref'd) ("[T]he societal issue being addressed, the solicitation of minors to engage in sexual activity, is an area of significant importance."); *cf. Stanley v. Illinois*, 405 U.S. 645, 649, 92 S. Ct. 1208, 1212 (1972) (observing that the government has a "right" and "duty" to protect minor children). Second, because Saravia pled guilty, his culpability for the underlying crime is clear. While the third factor—Saravia's lack of any prior criminal

8

record—cuts in his favor, taking all of the factors together, we cannot say that his six-year sentence, which is on the low end of the two-to-twenty-year statutory range for second-degree felonies,[4] gives rise to an inference of disproportionality.[5]

We overrule Saravia's second point.

### III. Conclusion

Having overruled both of Saravia's points, we affirm the trial court's judgment.


/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 6, 2023

---

[4] *See* Tex. Penal Code Ann. §§ 12.33(a), 33.021(c), (f).

[5] Because Saravia's disproportionality argument does not pass the threshold test, we need not compare his sentence to others for the same offense in Texas and elsewhere. *See Bolar v. State*, 625 S.W.3d 659, 666 (Tex. App.—Fort Worth 2021, no pet.); *see also Nunnally v. State*, No. 03-19-00807-CR, 2021 WL 4995502, at *5 (Tex. App.—Austin Oct. 2, 2021, no pet.) (mem. op., not designated for publication).